NIGHT BOX
FILED

SEP 2 4 2004

CLARENCE MADDOX
CLERK USDC / SDFL / MIA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

RENEE BRASWELL,

      Plaintiff,

v.

A. GLENN BRASWELL;
RYAN INVESTMENTS, LIMITED; HALSEY
HOLDINGS, LLC; BOSTON LIFE & ANNUITY
COMPANY, LTD.; A. GLENN BRASWELL
2001 IRREVOCABLE GIFT TRUST FOR
A. GLENN BRASWELL, JR., THE AGB 1999
IRREVOCABLE TRUST a/k/a THE AGB OCEAN
1999 IRREVOCABLE TRUST;
JOL MANAGEMENT, INC. f/k/a
G.B. DATA SYSTEMS, INC.; GERO VITA
INTERNATIONAL, INC.; THERACEUTICALS,
INC.; GERO VITA LABS, INC.; SONORAN
INVESTMENTS, LTD.; ASTORIA
INVESTMENTS, LTD.; DELEON GLOBAL
LIMITED; THE JOURNAL OF LONGEVITY;
ACADEMY OF LONGEVITY, INC. a/k/a
ACADEMY OF LONGEVITY RESEARCH, INC.;
AMERICAN NATURAL HEALTH AND
LONGEVITY CORPORATION; DATA
RESPONSE SPECIALISTS, INC.; DYNAVITE,
INC. a/k/a DYNAVITE LABORATORIES, INC.;
HEALTH QUEST PUBLICATIONS, INC.;
INVESCO, A.G.; LIFE FORCE
LABORATORIES, INC.; LIFE QUEST
LEASING, INC.; and TRIGENESIS, INC.;

      Defendants.

_____/

CASE NO.: 04-22219-CIV-HUCK
Magistrate Judge TURNOFF

## FIRST AMENDED COMPLAINT

     Plaintiff, Renee Braswell ("Creditor" of "Former Wife"), sues the Defendants and alleges:

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 • TELEPHONE (305) 358-5171
473735v1

1.     This is an action for compensatory damages and for declaratory and equitable relief.

2.     Plaintiff Renee Braswell is an individual residing in Miami-Dade County, Florida and is a citizen of this State.

3.     Defendant, Almon Glenn Braswell a/k/a A. G. Braswell a/k/a Glenn Braswell ("Debtor" or "Judgment Debtor"), is an individual who has multiples residences in Miami-Dade County, Florida and who claims to be a citizen of the State of Florida.   He is the former husband of, and now judgment debtor to, Plaintiff Renee Braswell.

4.     Defendant, Ryan Investments, Limited ("Ryan"), is a Cayman Islands entity, believed to be a limited liability company. Creditor believes that Defendant A. Glenn Braswell is the sole member of Ryan, either directly or indirectly through an entity owned and controlled by him. Ryan does business in Miami-Dade County, Florida, and is otherwise subject to Florida's long-arm jurisdiction pursuant to Section 48.193, *Florida Statutes*, as follows:

a.     Ryan is the legal title holder of real property located in Miami-Dade County, Florida, which real property is beneficially owned by Defendant, A. Glenn Braswell, the Judgment Debtor, who is indebted to the Creditor;

b.     Ryan, to the extent it asserts that it is holding the Florida real property in an effort to sell it at a profit, or has leased it, is operating, conducting, engaging in, or carrying on a business or a business venture in this State;

c.     Ryan has committed tortious acts within this State, including, without limitation:

(i)     tortious interference with advantageous business relations of the Creditor, and

(ii)     conspiracy to violate Chapter 726, *Fla. Stat.*; the Uniform Fraudulent Tranfers Act ("UFTA")

d.     Ryan purports to own, use, and\or possess real and personal property within this State;

e.     Ryan is the alter ego of a Florida Judgment Debtor and is therefore subject to Florida jurisdiction in the same fashion as the Debtor; and

f.      Ryan has an instate agent, A. Glenn Braswell, controlling Ryan's business and affairs from within Florida.

5.      Defendant, Halsey Holdings, LLC ("Halsey"), is a Nevis Island limited liability company. The sole member of Halsey is Defendant, Boston Life & Annuity Company, Ltd. Halsey does business in Miami-Dade County, Florida, and is otherwise subject to Florida long-arm jurisdiction pursuant to Section 48.193, *Florida Statutes*, as follows:

a.      Halsey holds a mortgage on real property located in Miami-Dade County, Florida which property is beneficially owned and completely controlled by Defendant, A. Glenn Braswell, a Judgment Debtor who is indebted to this Creditor;

b.      Halsey either filed, or caused to be filed, multiple Financing Statements on Form U.C.C. 1 in Florida purportedly to secure an obligation of Judgment Debtor, A. Glenn Braswell, within this State;

c.      Halsey purportedly received an assignment of and\or security interest in all tangible personal property of the Judgment Debtor, A. Glenn Braswell, which includes on property located in Miami-Dade County, Florida;

d.      Halsey operated, conducted, engaged in, or carried on a business or business venture in this State, to wit: by purportedly lending $9 million dollars to Ryan (although no loan proceeds were in fact transferred to Ryan, the purported mortgagor), secured, *inter alia*, by Florida real estate, and providing, directly, or through Halsey's parent company/alter ego, Defendant, Boston Life & Annuity, Co., Ltd., an annuity for the benefit of the Judgment Debtor, through a trust, the Defendant, the AGB 1999 Irrevocable Trust a/k/a the AGB Ocean 1999 Irrevocable Trust, which trust is controlled by Debtor, A. Glenn Braswell;

e.      Halsey was created and utilized in Florida for an illegal or improper purpose; namely, Halsey committed tortious acts within this State by, *inter alia*, tortiously interfering in the contractual rights of Creditor and by conspiring to assist the Judgment Debtor, A. Glenn Braswell, in fraudulently conveying assets beyond the reach of the Creditor in conjunction with Halsey's receipt of fraudulently conveyed Florida assets and property rights; and by violating Chapter 726, *Florida Statutes*; and

f.      Halsey is the alter ego of a Florida Judgment Debtor, A. Glenn Braswell, and is therefore subject to this Court's personal jurisdiction in the same fashion as is the Debtor.

3

LAW OFFICES
**SHOOK, HARDY & BACON**
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
473735v1

6.    Defendant, Boston Life & Annuity Company, Ltd. ("Boston Life"), is a British Virgin Islands entity believed to be a limited liability company. Boston Life is  subject to Florida's long-arm jurisdiction pursuant to Section 48.193, *Florida Statutes*, as follows:

   a.    Boston Life, through its alter ego, Halsey, holds a mortgage on Florida real property which is beneficially owned and controlled by the Judgment Debtor, A. Glenn Braswell;

   b.    Boston Life, through its alter ego, Halsey, is a secured party relative to personal property located in Florida claimed to be owned by the Judgment Debtor, A. Glenn Braswell, and\or Halsey;

   c.    Boston Life directly, and through its alter ego, Halsey, operates, conducts, engages in, and\or carries on a business or business venture in Florida; to wit: marketing and soliciting of business in Florida, and lending money in Florida, through Halsey, which lending is secured by Florida real estate;

   d.    Boston Life has directly, and through its alter ego, Halsey, committed tortious acts within the State of Florida, including, without limitation:

      (i)    tortious interference with advantageous business relations of the Creditor, and

      (ii)    conspiracy to violate Chapter 726, *Florida Statutes*;

   e.    Boston Life knowingly formed Halsey to be used in Florida for an illegal and improper tortious purpose, including, without limitation, to assist the Judgment Debtor, A. Glenn Braswell, and others to violate Chapter 726, *Florida Statutes*, and to interfere in the contractual rights of the Creditor; and

   f.    Boston Life knowingly assisted the Debtor to tortiously "park" legal ownership of the stock and ownership interests in the Glenn Braswell Companies (Exhibit 1) for the known purpose of facilitating the Debtor's efforts to avoid his legal obligations, including to the Creditor.

7.    Defendant, the AGB 1999 Irrevocable Trust a/k/a the AGB Ocean 1999 Irrevocable Trust ("Trust I"), is a trust formed by the Debtor. Trust I is subject to Florida's long-arm jurisdiction pursuant to Section 48.193, *Florida Statutes*, as follows:

   a.    Trust I committed tortious acts within this State, including, without limitation:

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 • TELEPHONE (305) 358-5171
473735v1

>   (i)     tortious interference with advantageous business relations of the Creditor, and
>
>   (ii)    conspiracy to violate Chapter 726, *Florida Statutes*; and

b.      Trust I is the alter ego of a Florida Judgment Debtor and is therefore subject to Florida's personal jurisdiction in the same fashion as is the Debtor.

8.      The A. Glenn Braswell Irrevocable Gift Trust for A. Glenn Braswell, Jr. ("Trust II") is a trust formed by the Judgment Debtor. Trust II is subject to Florida's long-arm jurisdiction pursuant to Section 48.193, *Florida Statutes*, as follows:

a.      Trust II is the legal title holder of real property located in Miami-Dade County, Florida which real property is beneficially owned by the Judgment Debtor;

b.      Trust II committed tortious acts within this State, including, without limitation:

>   (i)     tortious interference with advantageous business relations of the Creditor, and
>
>   (ii)    conspiracy to violate Chapter 726, *Florida Statutes*; and.

c.      Trust II is the alter ego of a Florida Judgment Debtor and is therefore subject to Florida's personal jurisdiction in the same fashion as is the Debtor.

9.      Defendant, JOL Management, Inc. ("JOL"), is a California corporation with its principal place of business in California. JOL was formerly known by the name of G.B. Data Systems, Inc. ("GB Data").   JOL conducts business operations in the State of Florida and operates an office in Miami-Dade County, Florida.  JOL is otherwise subject to Florida's long-arm jurisdiction pursuant to Section, 48.193, *Florida Statutes*, as follows:

a.      JOL, directly or through an agent, operates, conducts, engages in, and\or carries on a business and\or a business venture in this State;

b.      JOL committed tortious acts within this State, including, without limitation:

>   (i)     tortious interference with advantageous business relations of         the Creditor

LAW OFFICES
**SHOOK, HARDY & BACON**
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
473735v1

   (ii) conspiracy to violate Chapter 726, *Florida Statutes*;

  c. JOL and its predecessor, GB Data, are the alter egos of a Florida Judgment Debtor and this Defendant is therefore subject to this State's personal jurisdiction in the same fashion as is the Debtor; and

  d. GB Data and its alter egos, the Glenn Braswell Companies (see Exhibit 1), are beneficially owned and controlled by Debtor, A. Glenn Braswell, and at all material times, the companies operated a business within the State of Florida by soliciting and making sales of nutritional supplements to Florida residents within this State.

  10. Defendant, Gero Vita International, Inc. ("Gero Vita"), is Nevada corporation and has had business operations within the State of Florida and has operated an office in Miami-Dade County, Florida. Upon information and belief, Gero Vita is otherwise subject to the long-arm jurisdiction of this State pursuant to Section, 48.193, *Florida Statutes,* as follows:

  a. at all material times, Gero Vita, directly or through an agent, operated, conducted, engaged in, and\or carried on a business and\or a business venture in this State;

  b. Gero Vita committed tortious acts within this State, including, without limitation:

    (i) tortious interference with advantageous business relations of the Creditor; and

    (ii) conspiracy to violate Chapter 726, *Florida Statutes*; and

  c. Gero Vita is the alter ego of a Florida Judgment Debtor and is therefore subject to Florida's personal jurisdiction in the same fashion as is the Debtor.

  11. Defendant, Theraceuticals, Inc. ("Theraceuticals"), is a Nevada corporation and has had or has now business operations within the State of Florida and operated or currently operates an office in Miami-Dade County, Florida.   Theraceuticals is otherwise subject to Florida's long-arm jurisdiction pursuant to Section 48.193, *Florida Statutes*, as follows:

  a. Theraceuticals, directly or through an agent, operates, conducts, engages in, and\or carries on a business and\or a business venture in this State;

    b.      Theraceuticals has committed tortious acts within this State, including, without limitation:

          (i)      tortious interference with advantageous business relations of the Creditor; and

          (ii)     conspiracy to violate Chapter 726, *Florida Statutes*;

    c.      Theraceuticals is the alter ego of a Florida Judgment Debtor and is therefore subject to this State's personal jurisdiction in the same fashion as is the Debtor; and

    d.      Theraceuticals, through its alter ego, Defendant Halsey, conducts business within the State of Florida and is otherwise subject to this State's personal jurisdiction in the same fashion as is Halsey.

12.     Defendant, Gero Vita Labs, Inc. a/k/a Vita Labs, Inc. ("Vita"), is a Nevada corporation. At all material times, Vita has had operations within the State of Florida and operated an office in Miami-Dade County, Florida. Vita is otherwise subject to Florida's long-arm jurisdiction pursuant to Section 48.193, *Florida Statutes*, as follows:

    a.      Vita, directly or through an instate agent, operated, conducted, engaged in, and\or carried on a business and\or a business venture in this State;

    b.      Vita committed tortious acts within this State, including, without limitation:

          (i)      tortious interference with advantageous business relations of the Creditor; and

          (ii)     conspiracy to violate Chapter 726, *Florida Statutes*.

    c.      Vita is the alter ego of a Florida Judgment Debtor and is therefore subject to Florida's personal jurisdiction in the same fashion as is the Debtor.

13.     Defendant, Sonoran Investments, Ltd. ("Sonoran"), maybe a Cayman Islands limited liability company. Sonoran is subject to Florida's long-arm jurisdiction pursuant to Section 48.193, *Florida Statutes*, as follows:

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
473735v1

    a.       Sonoran, directly or through an instate agent, operates, conducts, engages in, and\or carries on a business and\or a business venture in this State;

    b.       Sonoran has committed tortious acts within this State, including, without limitation:

         (i)      tortious interference with advantageous business relations of the Creditor; and

         (ii)     conspiracy to violate Chapter 726, *Florida Statutes*; and

    c.       Sonoran is the alter ego of a Florida Judgment Debtor and is therefore subject to jurisdiction in the same fashion as is the Debtor.

14.     Defendant, Astoria Investments, Ltd. ("Astoria"), may be a Cayman Islands corporation or limited liability company. Astoria is subject to Florida's long-arm jurisdiction pursuant to Section 48.193, *Florida Statutes*, as follows:

    a.       Astoria, directly or through an instate agent, operates, conducts, engages in, and carries on a business and\or a business venture in this State;

    b.       Astoria has committed tortious acts within this State, including, without limitation:

         (i)      tortious interference with advantageous business relations of the Creditor; and

         (ii)     conspiracy to violate Chapter 726,*Florida Statutes*, and

    c.       Astoria is the alter ego of a Florida Judgment Debtor and is therefore subject to this State's personal jurisdiction in the same fashion as is the Debtor.

15.     Defendant, Deleon Global Limited ("Deleon"), may be a Bermuda corporation or a limited liability company. Deleon is subject to Florida's long-arm jurisdiction pursuant to Section 48.193, *Florida Statutes*, as follows:

    a.       Deleon, directly or through an instate agent, operates, conducts, engages in, and carries on a business and\or a business venture within this State;

8

LAW OFFICES
**SHOOK,HARDY&BACON**
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 • TELEPHONE (305) 358-5171
473735v1

b.     Deleon has committed tortious acts within this State, including, without limitation:

(i)      tortious interference with advantageous business relations of the Creditor; and

(ii)     conspiracy to violate Chapter 726, *Florida Statutes*; and

c.     Deleon is the alter ego of a Florida Judgment Debtor and is therefore subject to this State's personal jurisdiction in the same fashion as is the Debtor.

16.     Defendant The Journal of Longevity ("the Journal"), is publication produced, distributed and used by Defendant Braswell to solicit and sell nutritional supplements including to residents of Florida. The Journal is distributed within Florida and its readers correspond with A. Glenn Braswell as its editor, *see* Exhibit A hereto, and as its self-admitted publisher.

17.     Defendant, the Academy of Longevity, Inc. a/k/a Academy of Longevity Research, Inc. ("the Academy of Longevity"), is a Nevada corporation. At all material times, the Academy of Longevity has had business operations within the State of Florida and operated an office in Miami-Dade County, Florida.  Academy of Longevity is otherwise subject to the long-arm jurisdiction of this State pursuant to Section 48.193, *Florida Statutes*, as follows:

a.     Academy of Longevity, directly or through an instate agent, operates, conducts, engages in, and carries on a business and\or a business venture in this State;

b.     Academy of Longevity has committed tortious acts within this State, including, without limitation:

(i)      tortious interference with advantageous business relations of the Creditor; and

(ii)     conspiracy to violate Chapter 726, *Florida Statutes*; and

c.     Academy of Longevity is the alter ego of a Florida Judgment Debtor and is therefore subject to Florida's personal jurisdiction in the same fashion as is the Debtor.

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 • TELEPHONE (305) 358-5171
473735v1

18.     Defendant, the American Natural Health and Longevity Corporation ("Natural Health"), is a Nevada corporation. At all material times, Natural Health has had business operations within the State of Florida and operated an office in Miami-Dade County, Florida. Natural Health is otherwise subject to Florida's long-arm jurisdiction pursuant to Section 48.193, *Florida Statutes*, as follows:

    a.     Natural Health, directly or through an instate agent, operates, conducts, engages in, and\or carries on a business and\or a business venture in this State;

    b.     Natural Health has committed tortious acts within this State, including, without limitation:

        (i)     tortious interference with advantageous business relations of the Creditor; and

        (ii)     conspiracy to violate Chapter 726, *Florida Statutes*; and

    c.     Natural Health is the alter ego of a Florida Judgment Debtor and is therefore subject to Florida's personal jurisdiction in the same fashion as is the Debtor.

19.     Defendant, Data Response Specialists, Inc. ("Data"), is a Nevada corporation. At all material times, Data has had business operations within the State of Florida and operated an office in Miami-Dade County, Florida.   Data is otherwise subject to Florida's long-arm jurisdiction pursuant to Section 48.193, *Florida Statutes*, as follows:

    a.     Data, directly or through an instate agent, operates, conducts, engages in, and\or carries on a business and a business venture in this State;

    b.     Data has committed tortious acts within this State, including, without limitation:

        (i)     tortious interference with advantageous      business  relations of the Creditor; and

        (ii)     conspiracy to violate Chapter 726, *Florida Statutes*; and

    c.     Data is the alter ego of a Florida Judgment Debtor and is therefore subject to Florida's personal jurisdiction in the same fashion as is the Debtor.

LAW OFFICES
**SHOOK, HARDY & BACON**
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 • TELEPHONE (305) 358-5171
473735v1

20.       Defendant, Dynavite, Inc. a/k/a Dynavite Laboratories, Inc. ("Dynavite"), is a Nevada corporation. At all material times, Dynavite has had business operations within the State of Florida and operated an office in Miami-Dade County, Florida.  Dynavite is otherwise subject to this State's long-arm jurisdiction pursuant to Section 48.193, *Florida Statutes*, as follows:

   a.       Dynavite, directly or through an instate agent, operated, conducted, engaged in, and\or carried on a business and\or a business venture in this State;

   b.       Dynavite has committed tortious acts within this State, including, without limitation:

      (i)       tortious interference with advantageous business relations of the Creditor;

      (ii)      conspiracy to violate Chapter 726, *Florida Statutes*; and

   c.       Dynavite is the alter ego of a Florida Judgment Debtor and is subject to this State's personal jurisdiction in the same fashion as is the Debtor.

21.       Defendant, Health Quest Publications, Inc. ("Health Quest"), is a Nevada corporation. At all material times, Health Quest has had operations within the State of Florida and operated an office in Miami-Dade County, Florida.  Health Quest is otherwise subject to Florida's long-arm jurisdiction pursuant to Section 48.193, *Florida Statutes*, as follows:

   a.       Health Quest, directly or through its agent, operates, conducts, engages in, and\or carries on a business and\or a business venture within this State;

   b.       Health Quest has committed tortious acts within this State, including, without limitation:

      (i)       tortious interference with advantageous business relations of the Creditor; and

      (ii)      conspiracy to violate Chapter 726, *Florida Statutes*; and

   c.       Health Quest is the alter ego of a Florida Judgment Debtor and is   therefore subject to this State's personal jurisdiction in the same       fashion as is the Debtor.

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
473735v1

22.       Defendant, Invesco A.G. (hereinafter "Invesco"), is a Nevada corporation. At all material times, Invesco has had business operations within the State of Florida and operated an office in Miami-Dade County, Florida.   Invesco is otherwise subject to the long-arm jurisdiction of this State pursuant to Section 48.193, *Florida Statutes*, as follows:

a.       Invesco, directly or through an instate agent, operates, conducts, engages in, and carries on a business and\or a business venture in this State;

b.       Invesco has committed tortious acts within this State, including, without limitation:

(i)       tortious interference with advantageous business relations of the Creditor; and

(ii)      conspiracy to violate Chapter 726, *Florida Statutes*;

c.       Invesco is the alter ego of a Florida Judgment Debtor and is therefore subject to this State's personal jurisdiction in the same fashion as the  Debtor; and

d.       At material times, Invesco owned a condominium unit, Unit T-8, 1500 Ocean Drive, Miami Beach, Florida during the relevant time frames.

23.       Defendant, Life Force Laboratories, Inc. a/k/a Life Force ("Life Force"), is a Nevada corporation and, at all material times, has had operations in the State of Florida and operated an office in Miami-Dade County, Florida.  Life Force is otherwise subject to the long-arm jurisdiction of this State pursuant to Section 48.193, *Florida Statutes*, as follows:

a.  Life Force, directly or through an agent, operates, conducts, engages in, and\or carries on a business and\or a business venture in this State;

b.  Life Force has committed tortious acts within this State, including, without limitation:

(i)       tortious interference with advantageous business relations of the Creditor; and

(ii)      conspiracy to violate Chapter 726, *Florida Statutes*; and

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 • TELEPHONE (305) 358-5171
473735v1

c.  Life Force is the alter ego of a Florida Judgment Debtor and is therefore subject to personal jurisdiction within Florida in the same fashion as is the Debtor.

24.      Defendant, Life Quest Leasing, Inc. ("Life Quest"), is a Georgia corporation. At all material times, Life Quest has had business operations within the State of Florida and operated an office in Miami-Dade County, Florida.  Life Quest is otherwise subject to Florida's long-arm jurisdiction pursuant to Section 48.193, *Florida Statutes*, as follows:

a.     Life Quest, directly or through its instate agent, operates, conducts, engages in, and\or carries on a business and\or a business venture in this State;

b.     Life Quest has committed tortious acts within this State, including, without limitation:

(i)     tortious interference with advantageous business relations of the Creditor; and

(ii)    conspiracy to violate Chapter 726, *Florida Statutes*;

c.     Life Quest is the alter ego of a Florida Judgment Debtor and is therefore subject to this State's personal jurisdiction in the same fashion as is the Debtor; and

d.     Life Quest may claim legal title to personal property located in Miami-Dade County, Florida, including automobiles, which property is beneficially owned by the Debtor.

25.      Defendant, Trigenesis, Inc. ("Trigenesis"), is a Nevada corporation and, at all material times, has had operations in the State of Florida and operated an office in Miami-Dade County, Florida.  Trigenesis is otherwise subject to Florida's long-arm jurisdiction pursuant to Section 48.193, *Florida Statutes*, as follows:

a.  Trigenesis, directly and\or through an agent, operates, conducts, engages in,   and\or carries on a business and\or a business venture within this State;

b.  Trigenesis has committed tortious acts within this State, including, without limitation:

(i)     tortious interference with advantageous business relations of the Creditor; and

     (ii)     conspiracy to violate Chapter 726, *Florida Statutes*; and

    c.  Trigenesis is the alter ego of a Florida Judgment Debtor and is therefore subject to this State's personal jurisdiction in the same fashion as is the Debtor.

26.     Venue is proper in this District because, *inter alia*, the Debtor, who is the alter ego of all the other Defendants, resides here, and wrongful acts and facts giving rise to Creditor's claims occurred within this District.

<u>**GENERAL ALLEGATIONS**</u>

27.     In 1999, the Debtor filed in Miami-Dade Circuit Court a Petition for Dissolution of his marriage to the Creditor.

28.     Thereafter, the Creditor and Debtor entered into a Mediated Settlement Agreement ("Settlement Agreement").

29.     Pursuant to the terms of that Settlement Agreement, Debtor was to have paid Creditor a substantial sum of money.

30.     At the time Debtor entered into the Settlement Agreement to pay Creditor substantial monies, he, with the assistance of multiple professionals, including attorneys, was working on or had already completed an asset protection plan (the "Plan") designed so that the Creditor would never be able to collect the full amount to which she was entitled under the Settlement Agreement.

31.     In furtherance of the plan, Debtor had Halsey formed to act as a strawman to, *inter alia*, remove $9 million dollars of equity from the house located at 3551 Main Highway, Coconut Grove, Florida ("Las Brisas"). That house has been at all material times titled in the name of Defendant Ryan, an entity completely owned, legally and/or beneficially, by the Defendant Glenn Braswell, and a company over which the Debtor has continuously exercised sole and ultimate control.

32.     In furtherance of the Plan, the Defendant Debtor, on behalf of Ryan, signed a mortgage in favor of Debtor's alter ego, Defendant Halsey. As a result of transfer, all of Ryan's

14

equity in Las Brisas was moved offshore, to the Caribbean island of Nevis, to the Defendant Debtor's alter ego, Defendant Halsey.  Ryan received no consideration for the transfer.

33.     In furtherance of the Plan, the Debtor signed two Financing Statements, on Form U.C.C.-1, and thereby transferred to his offshore, corporate alter ego, Halsey, a security interest in all of his tangible and intangible property.

34.     On July 30, 2002, approximately seven days *after* the Miami-Dade Circuit Court in the Dissolution action entered a $6.6 million dollar Final Money Judgment against Debtor and in favor of Creditor for monies owed to Plaintiff under the Settlement Agreement, the Debtor signed an Assignment to purportedly transfer all of his tangible personal property and intangible property to his offshore, corporate alter ego, Defendant Halsey.

35.     In furtherance of the Plan, Debtor transferred legal title, while retaining beneficial ownership and control, of the Glenn Braswell Companies, *see* Exhibit B hereto, to his offshore, corporate alter ego, Halsey, with no consideration paid by Halsey to the Glenn Braswell Companies.

36.     In furtherance of the Plan, the Judgment Debtor set up Trust I and Trust II as a sham and ruse both to accept legal title to the Judgment Debtor's assets and, further, on a continuing basis up to the present day, to hold and manage the Debtor's assets while he retains complete and unfettered control over the Trusts and their assets.

37.     In furtherance of the Plan, the Debtor used alter egos to facilitate such Plan. The alter egos of the Judgment Debtor are identified in Exhibit C hereto ("the Alter Egos").

38.     On an ongoing basis, the Debtor has been receiving, directly and indirectly, millions of dollars of royalties and/or other payments and benefits from one or more of the Braswell Companies, of their successors, and those monies have been transferred to and secreted by the Debtor in offshore, money laundering havens, with anti-creditor laws and practices and confidentiality to frustrate discovery and payment of those assets to the Debtor's lawful obligations to his former wife.

39.     On October 4, 2002, the Miami-Dade Circuit Court entered an Amended Final Money Judgment for $6.3 million dollars, *nunc pro tunc* to July 30, 2002, in favor of Creditor and against the Debtor.

40.     More recently, on June 19, 2003, the Miami-Dade Circuit Court entered a Final Second Money Judgment in an amount in excess of six million dollars against the Debtor.

41.     The Defendants knowingly and actively assisted the Debtor in implementing the Plan and, further, knowing of the contractual rights of the Creditor under the Mediated Settlement Agreement, did knowingly and actively interfere with Creditor's contract rights.

42.     The Debtor has used the Glenn Braswell Companies and the Alter Egos for an illegal or improper purpose, *inter alia*, as the Debtor's personal source of monies which allow him to live a lavish lifestyle; as a vehicle to put his assets beyond the reach of the Creditor; as a vehicle to funnel money to the Debtor outside the jurisdiction of the Court in the dissolution action; as a vehicle to commit massive tax fraud. If fact, Debtor accepted a plea agreement with the federal government under which he was sentenced to 18 months and agreed to pay approximately $20 million to the government. The sentencing took place on September 13, 2004. Notably, JOL also signed the plea agreement.

43.     As part of the Plan, the Judgment Debtor parked legal ownership of the Glenn Braswell companies in his corporate alter ego, Halsey Holdings, although he continues to be the beneficial owner and controller of the Glenn Braswell Companies.

44.     The Judgment Debtor has continued to exercise, even from the interior of a Federal prison, complete dominion and control over the Glenn Braswell Companies.

45.     On the advice of his asset protection planners, the Debtor removed from one of his corporate offices, the corporate books that had contained stock certificates reflecting the Debtor's sole ownership of the stock in the Glenn Braswell Companies.

46.     At all material times up to the present day, the Debtor exercises complete control over the cash flow of the Glenn Braswell Companies, and has caused tens of millions of

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
473735v1

dollars to be transferred offshore to bank accounts he controls and beneficially owns in foreign jurisdictions, including Liechtenstein and Bermuda.

47.        The Bermuda accounts of the Judgment Debtor and\or the Debtor's Alter Egos, and\or the Glenn Braswell Companies, and\or Trust I, fluctuated but have regularly exceeded $200 million dollars and, at times, have exceeded one quarter of a billion dollars, making the Debtor one of the richest persons in the world.

48.        Halsey has asserted that it purchased the Glenn Braswell companies for ten million dollars.  Halsey's purported purchase of the stock of the Glenn Braswell Companies is a sham and Halsey did not pay either the Companies' owner, the Debtor, or the Companies themselves any consideration for their sale.

49.        The Debtor reported to the Internal Revenue Service in approximately 1997 that his Liechtenstein-based Trust I had a value of approximately $53 million dollars and he further related to his then personal assistant, at a later date, that one of his trusts contained approximately $100 million dollars.

50.        Prior to the Debtor's incarceration on Federal Income Tax evasion charges, he used his Alter Egos, including the Glenn Braswell Companies and their assets, to pay for all his expenses and to grow his wealth.

51.        At all times material, no request, demand, or direction of Debtor to the Glenn Braswell Companies was rejected or disobeyed, even after the purported sale of the Glenn Braswell Companies to Halsey.

## COUNT I
## (AS TO ALL DEFENDANTS OTHER THAN GLENN BRASWELL)

### INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS
### BUSINESS RELATIONS AND CONTRACTUAL RIGHTS

52.        Creditor realleges Paragraphs 1 through 51 above as through fully set forth herein.

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 • TELEPHONE (305) 358-5171
473735v1

53.        Creditor hereby sues the Defendants for tortious interference with Creditor's contractual rights in the Mediated Settlement Agreement.

54.        There existed between the Creditor and the Judgment Debtor a contractual relationship evidenced by an enforceable written agreement designated as the Mediated Settlement Agreement and containing valuable rights in favor of the Creditor.

55.        The Defendants had knowledge of the foregoing relationship.

56.        The Defendants intentionally and unjustifiably interfered with the Creditor's valuable rights under the Mediated Settlement Agreement.

57.        The acts of the Defendants constitute an intentional and unjustified interference with the contractual and advantageous relationship of the Creditor and the  Debtor under the Agreement.

58.        Creditor was injured as a result of the Defendants' conduct.  As a direct result of this conduct, the Creditor has been forced to engage in litigation with third parties and thereby also incurred damages in the form of attorneys' fees.

59.        The series of acts engaged in by the Defendants, in light of the totality of the circumstances, are inconsistent with a premise of a reasonable person or company pursuing a lawful objective, but rather indicate a planned scheme with an improper motive and purpose.

60.        The interference with the Creditor's rights under the Agreement was so willful and as to justify the imposition of exemplary damages to punish the Defendants and set an example to deter others from engaging in such egregious misconduct.

WHEREFORE, the Plaintiff Creditor, Renee Braswell, demands Judgment against the Defendants, jointly and severally, for compensatory damages including attorney's fees, prejudgment interest, an award of court costs, and any and all other relief which this Court deems just and proper.

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 • TELEPHONE (305) 358-5171
473735v1

## COUNT II
## (AS TO ALL DEFENDANTS)

### VIOLATION OF THE UNIFORM FRAUDULENT TRANSFER ACT ("THE UFTA")

61.      Creditor realleges Paragraphs 1 through 51 as though fully set forth herein.

62.      As set forth above, the Judgment Debtor made transfers and/or incur obligations with the actual intent to hinder, delay, or defraud his Former Wife.

63.      The transfers and obligations incurred by Debtor as described in the General Allegations were made without Debtor receiving reasonably equivalent value.

64.      Debtor maintains that, after the various transfers and obligations incurred, he lacks the ability to pay Creditor the monies due her.  If that is, in fact, the case, then Debtor intended to incur or believed he would incur, debts beyond his ability to pay as they came due.

65.      The transfers made and obligations incurred are fraudulent to the extent Debtor was insolvent or made insolvent as a result of the transfer(s) or obligation(s).

66.      As a direct and proximate result of the transfers made and/or obligations incurred, the Creditor has been damaged.

WHEREFORE, the Plaintiff Creditor, Renee Braswell, requests entry of a Judgment for all relief available against the Defendants under *Florida Statutes* §726.108, including, without limitation, the following:

a)      Avoidance of the transfer by Ryan Investments, the Judgment Debtor's alter ego, to Halsey Holdings of a mortgage interest in the property located at 3551 Main Highway, Coconut Grove, Florida;

b)      Avoidance of Debtor's transfer to Halsey Holdings of any and all stock and other vestiges of ownership in the Glenn Braswell Companies; any security interest in Debtor's tangible personal property; and any assignment of Debtor's tangible personal property;

c)      Avoidance of any other transfers by the Debtor to Halsey, Boston Life, or any of the Alter Egos;

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 • TELEPHONE (305) 358-5171
473735v1

d)      Avoidance of any transfers made by Debtor, or directed to be made by Debtor, of any royalty from the Braswell Companies;

e)      Avoidance of the transfers made by the Judgment Debtor, and his alter egos, into Trust I and Trust II, and a declaration that the respective trusts are invalid;

f)      The provisional remedy of requiring Debtor's alter egos, Ryan and Halsey, to account for and return the nine million dollars in equity in the Las Brisas property moved offshore;

g)      The provisional remedy of requiring Halsey to deliver any and all stock and other vestiges of ownership in the Glenn Braswell Companies to the Court or to a Court Appointed Special Master;

h)      The provisional remedy of requiring Boston Life to deliver any and all stock and other vestiges of ownership in the Glenn Braswell Companies to the Court or to a Court Appointed Special Master;

i)      The provisional remedy of requiring Halsey and Boston Life to deliver to the Court or to a Court Appointed Special Master all assets received from the Debtor, the Glenn Braswell Companies, or any of the Alter Egos of the Debtor;

j)      The provisional remedy of requiring the Debtor's Alter Egos, including Trust I and Trust II, to deliver to a Court Appointed Special Master all assets transferred to these two trusts, including the proceeds therefrom;

k)      Injunctive relief consistent with the provisional remedies sought herein, enforceable by the Court through its contempt powers;

l)      The appointment of a Receiver to take charge of all of the Debtor's assets, including those of his Alter Egos and the Glenn Braswell Companies, that have been transferred, along with the proceeds therefrom, including:

(1)      The stock and other vestiges of ownership in the Glenn Braswell Companies,

(2)      All assets and property of the Judgment Debtor, legally and/or beneficially owned, by whomever held,

(3)      The proceeds of the transfers from the Judgment Debtor's alter ego, Ryan, related to the transfer of a mortgage interest to Halsey, as the Debtor's alter ego,

(4)      Royalties from the Glenn Braswell Companies, and

(5)      The assets of Trust I and Trust II; and

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 • TELEPHONE (305) 358-5171
473735v1

(m)     Injunctive relief directed to the Defendant Debtor, A. Glenn Braswell, compelling him to exercise his total control over the Defendant entities to return the property and assets fraudulently transferred by him, as is described more fully in the General Allegations, to the original transferor(s), including return of the property he transferred offshore, outside the United States to defraud the Creditor.

**COUNT III**
**(AS TO ALL DEFENDANTS EXCEPT GLENN BRASWELL)**

**<u>CIVIL CONSPIRACY</u>**

67.     Creditor realleges Paragraphs 1 through 51 as though fully set forth herein.

68.     This Count, for conspiracy, is premised upon a conspiracy to commit two separate civil wrongs.  The first civil wrong is tortiously interfering in advantageous business relations.  The second civil wrong is agreeing with the other Defendants and assisting in commission of violations of the UFTA.

69.     As is set forth in the General Allegations, the Defendants did collectively work together and agree to do an unlawful act and\or commit lawful acts by unlawful means, to wit:

a.  to tortiously interfere in the contract rights of the Creditor, and

b.  to assist in committing violations of the UFTA.

70.     As is set forth in the General Allegations, the Defendant conspirators did engage in various overt acts in furtherance of the conspiracy.

71.     As co-conspirators, the Defendants are responsible for the acts of their respective co-conspirators.

72.     As a direct and proximate result of the conspiracy, Creditor has been incurred compensatory damages, including attorney's fees caused by their wrongful acts requiring litigation against third parties to set aside the fraudulent transfers.

73.     Halsey has come into possession of the Judgment Debtor's property interests as is more fully described in the General Allegations.

21

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 • TELEPHONE (305) 358-5171
473735v1

74.     Ryan has come into possession of the Judgment Debtor's property interests as is more fully described in the General Allegations.

75.     Trust I has come into possession of the Judgment Debtor's property interests as is more fully described in the General Allegations.

76.     Trust II has come into possession of the Judgment Debtor's property interests as is more fully described in the General Allegations.

77.     The Defendants, by their collective action, pose a greater danger and risk to the public than if the Debtor alone had attempted to engage in the wrongful conduct and transfers that are at issue in this action. The Defendants acted willfully and with the specific purpose of benefiting the Debtor at the expense of the Creditor. Exemplary relief is needed to punish the Defendants and to deter others from engaging in similar egregious misconduct.

WHEREFORE, the Plaintiff Creditor, Renee Braswell, demands Judgment against the Defendants for compensatory damages, interest, court costs, and any and all other relief which this Court deems just and proper.

## COUNT IV
### (AS TO ALL DEFENDANTS EXCEPT THE GLENN BRASWELL)

### DECLARATORY RELIEF AS TO ALTER EGO STATUS OF DEFENDANT ENTITIES AS TO EACH OTHER AND ULTIMATELY AS TO THE DEFENDANT DEBTOR

78.     Creditor realleges Paragraphs 1 through 51 as though fully set forth herein.

79.     Halsey, Ryan Investments, Trust I, Trust II, the Glenn Braswell Companies, and the other Alter Egos were organized or utilized by the Debtor for an improper or fraudulent purpose.

80.     The Debtor, directly and through his designees, dominated and controlled the Defendants to the extent that those entities' independent existence was in fact non-existent and they were and are the mere alter egos of the Debtor.

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
473735v1

81.     The fraudulent or otherwise improper use of the Defendant entities caused injury to the Creditor.

82.     The Alter Egos of the Judgment Debtor acted as mere instrumentalities of the Debtor.

WHEREFORE, the Plaintiff Creditor, Renee Braswell, demands Judgment against the Defendants for declaratory relief that they are liable for the outstanding obligations of the Debtor, A. Glenn Braswell, under the Mediated Settlement Agreement, prejudgment interest on those unpaid amounts, an award of costs, and for such other relief which this Court deems just and proper.

**COUNT V**
**(AS TO DEFENDANTS GLENN BRASWELL AND RYAN)**

**DECLARATORY RELIEF**

83.     Creditor realleges Paragraphs 1 through 51 above as though fully set forth herein.

84.     Defendant A. Glenn Braswell had Defendant Ryan formed for the sole purpose of controlling his ownership in the Las Brisas property.

85.     The Debtor so dominates and controls Ryan that it has no independent legal existence as a legally distinct entity and instead, is the corporate alter ego of the Debtor.

86.     Creditor wishes to execute on the Judgments in her favor against Las Brisas, as the Debtor's property, but is presently prevented from doing so because of the title to the property being vested in Ryan's name and seeks a declaration that Ryan is the alter ego of the Debtor. The Defendant Debtor denies that he is the alter ego of Ryan. Hence, there is a live and actual controversy requiring a judicial declaration of the parties' rights as to the Las Brisas property.

WHEREFORE, the Plaintiff Creditor, demands a Judgment declaring the rights and liabilities of the legal relationship and alter ego nature of that relationship as between Defendants, A. Glenn

23

Braswell and Ryan Investments, Limited, an award of costs, and such other relief as this Court deems just and proper.

**COUNT VI**
**(AS TO THE DEFENDANT GLENN BRASWELL)**

**<u>FRAUDULENT INDUCEMENT</u>**

87.     Creditor realleges Paragraphs 1 through 51 above as though fully set forth herein.

88.     At the time that the Debtor entered into the Mediated Settlement Agreement he never intended to honor its provisions.

89.     The promises in the Agreement were intended and made to the Creditor by the Debtor with the actual intention to induce reliance upon the contract and also to delay the Creditor's attempt to obtain a distribution of their parties' marital and joint assets until the Plan was in place and implemented.

90.     The Debtor established the Plan to make any Judgment obtained by the Creditor to be uncollectible and to frustrate all enforcement of the Court's Judgments by moving his assets offshore and requiring the Creditor to engage in prolonged and expensive litigation with the third party transferees of those assets.

91.     The Creditor relied to her detriment on the Debtor's promises that all monies would be paid under the Settlement Agreement.

92.     Because of this Defendant's wrongful acts, requiring the Creditor to engage in litigation with third parties to have asset transfers voided and property returned, the Creditor has been forced to incur attorney's fees and thereby, has suffered damages.

WHEREFORE, the Plaintiff Creditor, Renee Braswell, demands Judgment against the Defendant, A. Glenn Braswell, for compensatory damages in the form of her attorneys' fees

24

incurred in litigation with third parties related to fraudulent transfers of property, an award of costs, and such other relief as this Court deems just and proper.

**COUNT VII**

**BREACH OF CONTRACT AS TO GLENN BRASWELL**

93.     Creditor realleges Paragraphs 1 through 51 above as though fully set forth herein.

94.     Creditor and Glenn Braswell entered into a Mediated Settlement Agreement.

95.     The Agreement expressly or implicitly provides that Glenn Braswell is required to sell certain marital property in Mexico.

96.     The Agreement further provides that Creditor and Glenn Braswell would divide the proceeds from the sale of the Mexico property.

97.     As part of the Plan not to comply with the Settlement Agreement or satisfy the judgments held by Creditor, Glenn Braswell has not sold the Mexico property, nor has he attempted to do so.

98.     Mr. Braswell's failure to sell the Mexico property is a breach of the Settlement Agreement.

99.     As a result of Glenn Braswell's conduct, Plaintiff has suffered damages.  In addition, Plaintiff is obligated to pat her attorneys a reasonable fee for their services.

WHEREFORE, Creditor demands final judgment against Glenn Braswell for compensatory damages, plus costs, attorney's fees, and such other and further relief as may be appropriate.

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 • TELEPHONE (305) 358-5171
473735v1

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable as a matter of right.

**SHOOK, HARDY & BACON, LLP**
Counsel for the Plaintiff
201 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
PH:: (305) 358-5171 / FX:  (305) 358-7470


BY: _____
Humberto H. Ocariz, Esq.
Fla. Bar No.:  740860
Christina Lewerenz, Esq.
Fla. Bar No.: 571253



## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was served on this 24th day of September, 2004 by U.S. mail upon:  Richard Wolfe, Esq., counsel for Halsey Holdings and JOL, Wolfe & Goldstein, P.A., 550 Brickell Avenue, Penthouse, Miami, FL 33131; Ricardo A. Banciella, Esq., counsel for Ryan Investments Ltd. Wampler Buchanan Walker Chabrow & Banciella, P.A., SunTrust International Center, One Southeast Third Avenue, Suite 1700, Miami, FL 33131; and Tim Henkel, Esq., Silver, Garvett & Henkel, P.A., Penthouse One, 1110 Brickell Avenue, Miami, FL 33131.

By: _____
Humberto H. Ocariz, Esq.

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131-4332 • TELEPHONE (305) 358-5171
473735v1



Search for articles. [                    ]  Search

**Homeonews**

The Journal of Longevity Vol. 6 / No. 5 has an article on page 11 "Homeopathic Approach Kills More Than 650 Types of Germs: Traditional Mineral can Eliminate Internal and External Bacterial Threats." By Larry Doss, MD. Below is the letter that I sent to the editor of the Journal of Longevity.

Dear Mr. Braswell,

The article titled "Homeopathic Approach Kills More Than 650 Types of Germs" will lead the reader to misapprehend both the use of colloidal silver and the use of homeopathy. There are a number of very substantial differences between the homeopathic preparation of silver (Argentum Metallicum) and colloidal silver. In homeopathy, we start off with a known physical quantity of the substance and through a process of serial dilution and succussion, the substance is potentized to become an effective homeopathic remedy.

Colloidal silver is manufactured in the parts per million range and does not go through serial dilution or succussion, therefore never becomes potentized. Colloidal silver is being utilized for its physical properties which the article did an excellent job in portraying. Homeopathic remedies are noted for their ability to influence the energetic systems of the body triggering a healing response. I am enclosing a copy of the materia medica on Argentum taken from Boericke's Materia Medica, you will note that there is nothing in there indicative of the infection fighting capacity that colloidal silver has. Just because a substance is used in the parts per million range as colloidal silver is, doesn't make it a homeopathic remedy or preparation.

I would be happy to be a member of your advisory board and provide you with accurate council regarding homeopathy. I am enclosing a copy of my CV for your review and would be happy to provide you with any additional information that would be helpful to you and your readers in the future. Thank you for your consideration.

Sincerely,

Daniel P. Towle, DC, DNBHE

Daniel P. Towle, D.C., D.N.B.H.E., P.A.
6536 Stadium Drive, Zephyrhills, Florida, 33540
Phone: (813) 782-2690 Fax: (813) 782-3275
Website design and Hosting by Cyberjester.com

**EXHIBIT A**

## BRASWELL COMPANIES

1.  JOL Management f/k/a G.B. Data Systems
2.  Gero Vita International
3.  Theraceuticals
4.  Vita Labs
5.  Astoria Investments
6.  Ryan Investments
7.  DeLeon Global Limited
8.  The Journal of Longevity
9.  American Natural Health and Longevity Corporation
10. Data Response Specialists, Inc.
11. Dynavite Laboratories, Inc.
12. Esopia Investments
13. Health Quest Publications
14. Invesco A.G.
15. Life Force Laboratories
16. Life Quest Leasing, Inc.
17. Trigenesis
18. Sonoran Investments
19. Academy of Longevity
20. Academy of Research

**EXHIBIT B**

## ALTER EGOS

1. JOL Management f/k/a G.B. Data Systems
2. Gero Vita International
3. Theraceuticals
4. Vita Labs
5. Astoria Investments
6. Ryan Investments
7. DeLeon Global Limited
8. The Journal of Longevity
9. American Natural Health and Longevity Corporation
10. Data Response Specialists, Inc.
11. Dynavite Laboratories, Inc.
12. Esopia Investments
13. Health Quest Publications
14. Invesco A.G.
15. Life Force Laboratories
16. Life Quest Leasing, Inc.
17. Trigenesis
18. Sonoran Investments
19. Academy of Longevity
20. Academy of Research
21. Halsey Holdings, LLC
22. A. Glenn Braswell 2001 Irrevocable Gift Trust for A. Glenn Braswell, Jr., u/a dated June 4, 2001
23. The AGB Irrevocable Trust

**EXHIBIT C**